E-FILED
Monday, 02 June, 2014   10:18:00 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIE HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3027-SEM-TSH |
| | ) |
| DR. VALLABHANENI, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Willie Henderson's Amended Complaint.

The Court previously conducted a merit review of Henderson's Complaint and determined that his Complaint failed to state a cause of action upon which relief could be granted. The Court could not, however, say that any amendment to Henderson's Complaint would be futile.

Accordingly, the Court gave Henderson an opportunity to file an Amended Complaint. The Court indicated that Henderson

1

should explain in his Amended Complaint what actions Dr. Vallabhaneni took or did not take that rise to the level of criminal negligence sufficient to state a cause of action for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

The Court has reviewed Henderson's Amended Complaint and has determined that it states a cause of action upon which relief can be granted. Specifically, Henderson's Amended Complaint states a claim for deliberate indifference against Dr. Vallabhaneni.

According to Henderson, Dr. Vallabhaneni ordered Henderson to take Lamictal even though it was Dr. Vallabhaneni's professional opinion that Henderson did not need any psychotropic medication. Also according to Henderson, Lamictal caused him to suffer anxiety attacks, nightmares, depression, and uncontrollable shaking.

Henderson's factual amendments are sufficient to allow his case to go forward. Accordingly, the Court will grant his motion for leave to proceed in forma pauperis and will allow Henderson to proceed against Dr. Vallabhaneni on a deliberate indifference claim in violation of the Eighth Amendment.

Henderson's motion for appointment of counsel, however, is denied. The Court cannot consider the merits of the motion until Henderson shows that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Typically, a plaintiff makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel. Henderson may renew his motion for counsel, but if he chooses to do so, he should attach the responses that he has received from the lawyers that he has contacted in which those lawyers decline his request to represent him. In addition, Henderson should set forth his educational level, work experience inside and outside of the facility, his litigation experience (if any), and any other facts relevant to whether he is competent to proceed without an attorney.

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis [2] is GRANTED. Based upon his inability to pay, no reduced filing fee will be assessed against Plaintiff.

2. Plaintiff's motion for appointment of counsel [4] is DENIED.

3. Pursuant to a review of the Complaint, the Court finds that Plaintiff states an Eight Amendment deliberate indifference claim against Defendant Dr. Vallabhaneni. Any additional claim(s) shall not be included in the case except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5. The Court will attempt service on Defendant by mailing a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 60 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendant, the Court will enter an Order scheduling deadlines for discovery and dispositive motions.

6. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7. Defendant shall file an Answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the Answer is necessary or will be considered.

8. Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to Defendant or to Defendant's counsel. Instead, the Clerk will file Plaintiff's document

electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit with prejudice.

**It is further ordered that the Clerk is directed to: (1) show Plaintiff's motion to proceed in forma pauper [2] as GRANTED; (2) show Plaintiff's motion for appointment of counsel [4] as DENIED; (3) attempt service on Defendant pursuant to the standard procedures; and (4) set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and to enter scheduling deadlines.**

**Lastly, it is Ordered that, if Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

Entered this 2nd day of June 2014

                                                 s/ Sue E. Myerscough
                                                 SUE E. MYERSCOUGH
                                     UNITED STATES DISTRICT JUDGE