UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIE HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 14-3027 |
| | ) |
| DR. VALLABHANENI, | ) |
| | ) |
| Defendant. | ) |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently civilly committed at Rushville Treatment and Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious mental health needs.  The matter comes before this Court for ruling on the Defendant's Motion for Summary Judgment.  (Doc. 46).  The motion is granted.

## PRELIMINARY MATTERS

In the Text Order entered June 20, 2016, Plaintiff was granted until July 20, 2016 to file a response to the Defendant's motion for summary judgment.  Plaintiff did not file a response.  Instead, Plaintiff filed a Motion for Sanctions (Doc. 55) seeking sanctions for

the Defendant's alleged failure to produce court transcripts from Plaintiff's state court commitment proceedings.

Plaintiff alleges in his motion that the Court ordered the Defendant to produce copies of the transcripts. The docket does not indicate that the Court entered such an order in this case. Moreover, Defendant asserts that he is not in possession of any transcripts from Cook County and Plaintiff offers only speculation that these transcripts are in Defendant's possession. Nothing prevented Plaintiff from requesting the transcripts directly from the Cook County courts, but he apparently failed to do so. Accordingly, Plaintiff's Motion for Sanctions is denied.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). The party moving for summary judgment must show the lack of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

Plaintiff is currently civilly committed at Rushville Treatment and Detention Facility ("Rushville" or "TDF").  Plaintiff alleged in his complaint that Defendant, a physician at the TDF, prescribed Lamictal, also known as Lamotrigine, to Plaintiff at the request of the prosecuting attorney in Plaintiff's underlying state court civil commitment proceedings.  Plaintiff asserts that Defendant opined that Plaintiff did not need medication, but "put [him] on some [medication] anyway just to please the Court."  Pl.'s Dep. 18:2-3.

As a result of the state court proceedings, Plaintiff was conditionally released from the TDF in July 2013.  Prior to Plaintiff's release, on May 24, 2013, Defendant prescribed Plaintiff the drug Lamictal for mood swings.  The medical records provided to the

Court indicate that Plaintiff had previously been prescribed Lamictal and that Plaintiff reported no issues with the medication. In addition, the records show that Plaintiff consented to the administration of Lamictal on at least three occasions: in 2007, 2011, and on May 24, 2013, the day Defendant prescribed it. (Doc. 46-4 at 5, 17, 26). Defendant scheduled Plaintiff for a follow-up appointment in one week.

On May 31, 2013, Plaintiff reported no problems with the medication. Plaintiff testified in his deposition that he did not report any problems with the medication to Defendant from May 24, 2013 until his release in July 2013. Pl.'s Dep. 31:23-32:1 (did not report problems to Defendant); 32:9-11 (did not report alleged side effects to any doctor). During his term of release, other physicians prescribed Plaintiff Lamictal. See (Doc. 46-5 at 27) (Lamotrigine prescribed in August 2013 by Dr. Tinwalla).

Plaintiff returned to TDF custody in October 2013, following the filing of a state court petition to revoke his conditional release. Plaintiff alleges the sole basis of this petition was the "weird dreams" he suffered as a side effect of Lamictal. The Petition to Revoke filed in state court lists that Plaintiff violated the terms of

his conditional release by (1) possessing photos of children without prior consent, (2) not participating fully in treatment by being deceptive and manipulative, (3) failing to disclose sexually deviant fantasies, and (4) having inappropriate contact with a neighbor. (Doc. 46-3 at 19-21).

## ANALYSIS

As a civil detainee, Plaintiff's constitutional protection to adequate medical care arises from the Fourteenth Amendment. Sain v. Wood, 512 F.3d 886, 893 (7th Cir. 2008). However, the legal standard for liability is the same as the Eighth Amendment standard which governs claims by convicted inmates. Burton v. Downey, 805 F.3d 776, 784 (7th Cir. 2015) (citing Smego v. Mitchell, 723 F.3d 752, 756 (7th Cir. 2013)). For both detainees and inmates, the Constitution prohibits only deliberate indifference to objectively serious medical needs. Williams v. Rodriguez, 509 F.3d 392, 401 (7th Cir. 2007).

An official is deliberately indifferent when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference can be inferred if a medical professional's decisions are "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Sain, 512 F.3d at 895.

Plaintiff asserts that Defendant's decision to prescribe Lamictal was based upon the emotional cries of the prosecuting attorney in his commitment proceedings, who wanted Plaintiff "placed on something before he is let back out in society." (Doc. 55 at 1). Even if the prosecuting attorney made those statements, the record does not support a conclusion that prescribing Lamictal posed a substantial risk of serious harm to Plaintiff or that Defendant was aware of such a risk.

At the time the medication was prescribed, Plaintiff's medical records would have disclosed that: (1) Plaintiff had received Lamictal for moods swings in the past, (2) he had consented to the medication on more than one prior occasion, and (3) he had not reported any issues while taking Lamictal. When Defendant prescribed it, Plaintiff again consented. Moreover, Defendant did

not just prescribe the medication and send Plaintiff on his way. Defendant scheduled a follow up appointment a week later where Plaintiff again reported no problems. After the follow-up appointment, Plaintiff testified that he began to experience side effects of the medication, but that he did not tell Defendant or any other healthcare provider at Rushville.

Therefore, the Court finds that no reasonable juror could conclude that Defendant was deliberately indifferent to Plaintiff's serious mental health needs.

**IT IS THEREFORE ORDERED:**

**1) Plaintiff's Motion for Sanctions [55] is DENIED.**

**2) Defendant's Motion for Summary Judgment [46] is GRANTED. The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff. All pending motions not addressed in this Opinion are denied as moot, and this case is terminated, with the parties to bear their own costs.**

**3) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a**

**reasonable assessment of the issue of good faith."); <u>Walker v. O'Brien</u>, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     August 16, 2016.

FOR THE COURT:

<i>s/Sue E. Myerscough</i><br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE